**FRANK LIVERMORE AND**
**LINDA CERVIZZI**

**VERSUS**

**JOEL ARNOLD, INDIVIDUALLY AND**
**IN HIS OFFICIAL CAPACITY AS A**
**LIVINGSTON PARISH SHERIFF'S**
**DEPUTY, WILLIE GRAVES,**
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY AS LIVINGSTON PARISH**
**SHERIFF, SCOTT M. PERRILLOUX**,
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY AS 21ST JUDICIAL**
**DISTRICT ATTORNEY, AND**
**CATHERINE T. PEEVER,**
**INDIVIDUALLY AND IN HER**
**OFFICIAL CAPACITY AS ASSISTANT**
**21ST JUDICIAL DISTRICT ATTORNEY**

**CIVIL ACTION**

**NO.   10-986**

**SECTION**

## COMPLAINT

NOW COME complainants, Frank Livermore and Linda Cervizzi, persons of the full age of

majority residing in the State of Louisiana, Parish of Tangipahoa, who assert the following claims

for relief:

1.

Made Defendants  herein are the following:

A.    **JOEL ARNOLD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS**

**A LIVINGSTON PARISH SHERIFF'S DEPUTY ("Arnold")**, a person of the full

1

age of majority who was at all times material hereto in the employ of the Livingston Parish Sheriff, and acting in the course and scope of his employment with the Livingston Parish Sheriff.

B.    **WILLIE GRAVES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF LIVINGSTON PARISH ("Graves")**, a person of the full age of majority who was at all times material hereto Sheriff of Livingston Parish, State of Louisiana, and responsible for the hiring, retention, training, and supervision of Arnold, and for the implementation of the Livingston Parish Sheriff's customs, policies, and procedures.

C.    **SCOTT M. PERRILLOUX, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS 21ST JUDICIAL DISTRICT ATTORNEY ("Perrilloux")**, a person of the full age of majority who was at all times material hereto District Attorney of the 21st Judicial District, State of Louisiana, and responsible for the hiring, retention, training, and supervision of assistant district attorneys, and for the confection and implementation of the 21st Judicial District Attorney's customs, policies, and procedures.

D.    **CATHERINE T. PEEVER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS ASSISTANT 21ST JUDICIAL DISTRICT ATTORNEY ("Peever")**, a person of the full age of majority who was at all times material hereto Assistant District Attorney of the 21st Judicial District, State of Louisiana, and responsible for the confection and implementation of the 21st Judicial District Attorney's customs, policies, and procedures.

2

2.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C §§1331 and 1367, inasmuch as this matter arises under 42 U.S.C. §1983, *et seq.*, the First, Fourth, Eighth, Fifth, and Fourteenth Amendments to the United State Constitution, and Louisiana state law, including Louisiana Civil Code Articles 2315, 2315.6, 2316, 2317, and 2320.

3.

Venue is proper in this Honorable Court pursuant to 28 U.S.C §§1391 and 1392, inasmuch as a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated, within the Eastern District of Louisiana.

4.

At all times material hereto, defendants were persons acting under color of law within the meaning of 42 U.S.C. §1983.

5.

At all times material hereto, Frank Livermore owned the land located at 36726 Longleaf Drive, Independence, Louisiana 70443, within the Eastern District of Louisiana..

6.

At all times material hereto, Linda Cervizzi owned the mobile home located at 36726 Longleaf Drive, Independence, Louisiana 70443, within the Eastern District of Louisiana.

7.

Livermore and Cervizzi had leased the mobile home located at 36726 Longleaf Drive, Independence, Louisiana 70443, to one Chistopher Smith, whom they had evicted on the morning of June 3, 2009, because of Smith's non-payment of rent and use of drugs on the property.

3

8.

Smith was evicted and removed from the property dy defendant Arnold.

9.

After being evicted, Smith or persons acting on his behalf contacted friends employed by the Livingston Parish Sheriff seeking help in being re-installed in the mobile home and having Complainants' property turned over to his possession against Complainants' wishes.

10.

Accordingly, on the afternoon of June 3, 2009, Arnold returned to the property in Independence Louisiana.

11.

Arnold had no legal process, no arrest warrant, no search warrant, and no permission from either Livermore or Cervizzi to enter upon their property.

12.

Indeed, Arnold knew that he had no right or permission to be on Complainants' property and knew that he was no more than a trespasser.

13.

Nevertheless, through force and the threat of force and under color of law, Arnold put Smith in possession of Complainants' land and other property.

14.

Livermore and Cervizzi voiced their objections to Arnold's actions.

4

15.

In response, Arnold threatened to arrest Cervizzi and told Livermore that if he did not calm down, stop talking, and leave his own property, then Arnold would arrest him as well.

16.

Livermore told Arnold that he would not comply with Arnold's unlawful orders but indicated that he would not resist being arrested if Arnold chose to make good on his threats.

17.

Livermore then walked to the rear of Arnold's police care and stood awaiting Arnold.

18.

Arnold then roughly turned Livermore around and shoved him violently and repeatedly against the back of the car.

19.

Arnold then pulled Livermore's arms behind his back, tightly handcuffed him, and put him in the back of the police car.

20.

Cervizzi attempted again to speak to Arnold who told her to "butt out."

21.

Arnold then told Cervizzi that she had 15 seconds to come down from the deck in front of the mobile home or that he would arrest her as well.

22.

After another deputy arrived on the scene, Arnold told Livermore that he was being charged with interfering with a police officer in violation of La. R.S. 14:108.

23.

Defendants Perrilloux and Peever then vigorously prosecuted Livermore for a violation of La. R.S. 14:108 despite knowing that the charge was false.

24.

On March 16, 2009, Livermore was tried in state court for the bogus charge alleged by Arnold and prosecuted by Perrilloux and Peever.

25.

After hearing Arnold's testimony, the court acquitted Livermore.

26.

As a result of Arnold's putting Smith into possession of Livermore's and Cervizzi's property, Smith proceeded to vandalize the mobile home, and to steal a refrigerator, air conditioners, and other items.

27.

Defendants also caused Livermore and Cervizzi to suffer physical injuries and damages which have required ongoing medical treatment.

28.

Defendants' conduct was extreme and outrageous.

29.

As a result of Defendants' conduct, Livermore and Cervizzi have also suffered severe emotional distress (far greater than mere fright, embarrassment, or worry).

Case 3:10-cv-00507-JJB-SCR   Document 1    03/29/10   Page 6 of 10

30.

Defendants desired to inflict such emotional distress upon Livermore and Cervizzi or, alternatively, knew that severe emotional distress would be certain or substantially certain to follow from their conduct.

31.

In addition, after and as a result of the June 3, 2009 incident, Livermore made a formal complaint with personnel employed by Livingston Parish Sheriff Willie Graves.

32.

Sheriff Graves and others in his employ, however, were dismissive of, and deliberately indifferent to, Livermore's complaints.

33.

As the above and foregoing allegations demonstrate, Defendant Arnold is liable unto Livermore and Cervizzi for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) negligent and/or intentional infliction of emotional distress, (f) malicious prosecution, (g) unlawful seizure, (h) cruel treatment, (i) failing to provide medical attention, (j) violation of the Constitution and other laws of the United States and of the State of Louisiana, (k) excessive use of force, (l) unreasonable use of force, (m) deliberate indifference to the rights, safety, and dignity of Livermore and Cervizzi, (n) the unlawful taking of Livermore's and Cervizzi's property, (o) the theft of and vandalism to Livermore's and Cervizzi's property, and for all other acts and omissions as will be shown at trial.

7

34.

As the above and foregoing allegations demonstrate, Defendant Graves, individually and in his official capacity as Livingston Parish Sheriff is liable unto Livermore and Cervizzi, under the doctrine of *respondeat superior* for Arnold's (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) negligent and/or intentional infliction of emotional distress, (f) malicious prosecution, (g) unlawful search and seizure, (h) cruel treatment, (i) failing to provide medical attention, (j) violation of the Constitution and other laws of the United States and of the State of Louisiana, (k) excessive use of force, (l) unreasonable use of force, (m) deliberate indifference to the rights, safety, and dignity of Livermore and Cervizzi, (n) the unlawful taking of Livermore's and Cervizzi's property, (o) the theft of and vandalism to Livermore's and Cervizzi's property, and for all other acts and omissions as will be shown at trial.

35.

Graves is further liable for his negligent hiring, retention, training, and supervision of Arnold.

36.

Graves is further liable for his deliberate indifference to the acts of Arnold and to the complaints of Livermore and Cervizzi.

37.

Graves is further liable for all other acts and omissions as will be shown at trial.

38.

As the above and foregoing allegations demonstrate, Defendants Perrilloux, individually and in his official capacity as 21st Judicial District Attorney, and Peever, individually and in her official

Case 3:10-cv-00507-JJB-SCR   Document 1   03/29/10   Page 8 of 10

capacity as Assistant 21st Judicial District Attorney, are liable unto Livermore for malicious prosecution, negligent and/or intentional infliction of emotional distress, cruel treatment, and violation of the Constitution and other laws of the United States and of the State of Louisiana.

39.

Perrilloux is further liable for his negligent hiring, retention, training, and supervision of Peever.

40.

Perrilloux and Peever are further liable for their deliberate indifference to the acts of Arnold and Graves, and to Livermore's complaints.

41.

Perrilloux and Peever are further liable for confecting and/or implementing the official policy, practice, or custom of the 21st Judicial District Attorney of prosecuting all misdemeanor charges regardless of merit.

42.

Perrilloux and Peever are further liable for all other acts and omissions as may be shown at trial.

43.

In light of the above and foregoing, Defendants are liable unto Livermore and Cervizzi jointly, severally, and *in solido* for the following damages:

A   Past, present, and future physical pain, suffering, and disability;

B.   Past, present, and future mental and emotional distress;

C.   Past, present, and future, loss of enjoyment of life;

Case 3:10-cv-00507-JJB-SCR   Document 1   03/29/10   Page 9 of 10

D.        Past, present, and future medical expenses;

E.        Property losses, damages, and necessary repairs to Cervizzi's mobile home;

F.        Lost rent;

G.        Punitive damages;

H.        Attorney's fees and costs associated with the false arrest and malicious prosecution of Livermore;

I.        Attorney's fees and costs associated with this proceeding;

J.        Interest on all damages, attorney's fees, costs, penalties, punitive damages, exemplary damages, and other damages or elements of recovery;

K.        All other legal and equitable relief for which the law provides recovery.

44.

Complainants demand a trial by jury.

**WHEREFORE,** Complainants, Frank Livermore and Linda Cervizzi, pray that this Complaint be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Complainants and against Defendants for the foregoing general and special damages, punitive damages, attorney's fees, costs, and other appropriate relief.

Respectfully submitted:


/s/ Kearney S. Loughlin
KEARNEY S. LOUGHLIN
La. State Bar No. 26391
6030 Prytania Street
New Orleans, Louisiana 70118
Telephone:    (504) 891-3193
Facsimile:    (504) 891-3195
**ATTORNEY FOR FRANK LIVERMORE AND LINDA CERVIZZI**

10