# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK LIVERMORE AND L INDA CERVIZZI** | **CIVIL ACTION** |
| **VERSUS** | |
| **JOEL ARNOLD, SHERIFF WILLIE GRAVES, SCOTT PERRILLOUX, AND CATHERINE PEEVER** | **NO. 10-507-B-M2** |

## RULING & ORDER

This matter is before the Court on the Motion to Compel (R. Doc. 42) filed by defendants, Willie Graves, Sheriff of Livingston Parish, State of Louisiana, and Deputy Joel Arnold (collectively "defendants"). Plaintiffs, Frank Livermore and Linda Cervizzi (collectively "plaintiffs"), have not filed an opposition to this motion.

## FACTS & PROCEDURAL BACKGROUND

A scheduling order was entered in this matter on March 28, 2011, setting a deadline of April 15, 2011 for the exchanging of Rule 26 initial disclosures by the parties. According to the present motion, when plaintiffs' initial disclosures were not received by the defendants by the court-imposed deadline, defense counsel sent an email to plaintiffs' counsel requesting that he notify her of the status of his clients' initial disclosures. The email was received by plaintiffs' counsel, as he responded to other issues raised in defense counsel's email; however, plaintiffs' counsel did not respond regarding the status of receiving plaintiffs' initial disclosures.

On April 28, 2011, defense counsel sent another email to plaintiffs' counsel requesting a Rule 37 conference be scheduled for May 2, 2011 at 10:00 a.m. to discuss the outstanding initial disclosures. Defense counsel contacted plaintiffs' counsel's office

1

at the noticed date and time, but no one answered. Despite having left a voice mail for plaintiffs' counsel, defense counsel had not received any response as of the time she filed the present motion on May 3, 2011. Through this motion, defendants seek to have the Court compel plaintiffs to produce their initial disclosures within ten (10) days and to have plaintiffs pay the reasonable expenses, including attorney's fees, that defendants incurred in bringing this motion.

## **LAW & ANALYSIS**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The rule specifically provides:

> LR7.5M    Response and Memorandum
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on May 3, 2011, and the Court's electronic filing system indicates that notice of the filing of the motion was sent to plaintiffs' counsel on that same date at 12:06 p.m. CDT. Thus, more than twenty-one (21) days have elapsed since the service of the motion, and plaintiffs have failed to file any opposition. The motion is therefore deemed to be unopposed.

In addition to being unopposed, the motion has merit and should be granted. Except in certain proceedings that are exempt from initial disclosure, which are not applicable

herein, a party must, without awaiting a discovery request, provide to other parties certain required disclosures set forth in Fed. R. Civ. P. 26(a).[1] The parties' obligation to produce initial disclosures within the deadline set by the Court is mandatory unless they stipulate to forego the initial disclosure requirement. *See*, Fed. R. Civ. P. 26(a)(a party *must* . . . provide to the other parties . . .) (emphasis added); 8A Fed. Prac. & Proc. Civ. §2053 (3d ed. 2010). Furthermore, pursuant to Fed. R. Civ. P. 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Because the plaintiffs in the present case did not provide their initial disclosures in accordance with the deadline imposed by the Court, there is no evidence before the Court that the initial disclosure requirement was waived by the parties, and the plaintiffs have been unresponsive to defendants' inquiries concerning the status of receiving those disclosures, defendants' motion will be granted. Plaintiffs will be ordered to produce their complete initial disclosures within ten (10) days of this Order and to pay the reasonable attorney's fees and expenses that defendants incurred in bringing the present motion pursuant to Fed. R. Civ. P. 37(a)(3)(A) and (a)(5)(A).[2]

---

[1] Those required disclosures are the following: (1) the name, address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (2) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (3) a computation of each category of damages claimed by the disclosing party; and (4) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Fed. R. Civ. P. 26(a).

[2] Fed. R. Civ. P. 37(a)(5)(A) provides that, if a motion to compel is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless (1) the movant filed the motion before attempting in good faith to obtain the

Accordingly;

**IT IS ORDERED** that the Motion to Compel (R. Doc. 42) filed by defendants, Willie Graves, Sheriff of Livingston Parish, State of Louisiana, and Deputy Joel Arnold, is hereby **GRANTED**, and that plaintiffs, Frank Livermore and Linda Cervizzi, shall produce their complete Rule 26 initial disclosures within ten (10) days of this Order.

**IT IS FURTHER ORDERED** that defendants are entitled to an award of the reasonable attorney's fees and costs that they incurred in bringing this motion to compel and that, in connection with that award, the parties are to do the following:

(1) If the parties agree to the amount of attorney's fees and costs, plaintiffs and/or their counsel shall pay that amount;

(2) If the parties do not agree to the amount, defendants shall, within fifteen (15) days of the date this Order is signed, submit to the Court a report setting forth the amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiffs shall have ten (10) days after the filing of defendants' report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana, June 1, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

disclosure or discovery without court action; (2) the opposing party's nondisclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Since defendants were unable to obtain plaintiffs' initial disclosures despite good faith efforts prior to court intervention, and plaintiffs have not established that their failure to timely produce their initial disclosures was substantially justified or that an award of expenses to the defendants is unjust, the Court finds that an award of reasonable expenses and fees is warranted under Rule 37(a)(5)(A).

4