UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FRANK LIVERMORE, ET AL.

CIVIL ACTION

VERSUS

NO. 10-507-JJB

JOEL ARNOLD, ET AL.

## RULING AND ORDER ON MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JOE A. MORGAN, M.D.

This matter is before the Court on a Motion in Limine to Exclude Testimony of Joe A. Morgan, M.D. (Doc. 124), by the Plaintiffs, Frank Livermore and Linda Cervizzi. The Motion is unopposed. Jurisdiction exists pursuant 28 U.S.C. § 1331. Oral argument is not necessary.

A full factual background of the case is available in the Court's Reasons for its Summary Judgment Ruling (Doc. 104). The Defendants, Joel Arnold and Sheriff Willie Graves, list Dr. Joe A. Morgan as an expert regarding Livermore's alleged injuries. Doc. 113, at 18. The Plaintiffs argue the testimony of Dr. Morgan should be excluded from trial because of bias. They give three reasons: (1) Dr. Morgan is a director of Bone and Joint Clinic of Baton Rouge, Inc., of which Arnold is or recently has been a patient; (2) Dr. Morgan is a client of defense counsel's law firm; and (3) Dr. Morgan refused to disclose Livermore's medical records to him, Dr. Morgan will testify Livermore is his patient, and Livermore does not consent to the disclosure of his protected health information.

"The court may exclude relevant evidence if the probative value is substantially outweighed by a danger of" unfair prejudice. Fed. R. Evid. 403. The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

1

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), "the Supreme Court explained that Rule 702 assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). The party seeking to have expert testimony admitted must demonstrate the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Dr. Morgan will not be excluded under Rule 702, because the Plaintiffs do not challenge the reliability or relevance of his testimony. Nor will he be excluded under Rule 403, as the danger of unfair prejudice from Dr. Morgan's position with Bone and Joint Clinic of Baton Rouge, Inc. and relationship with defense counsel's law firm does not outweigh the probative value of his testimony. Rather, the issue of bias can be handled on cross-examination and the jury can consider it when weighing how much credibility to give Dr. Morgan and whether to believe him.

The issues regarding Livermore's medical records are discovery issues and can best be dealt with in a discovery motion. It is unclear whether Dr. Morgan intends to testify that Livermore is his patient. However, Dr. Morgan may not testify that Livermore is his patient if Livermore is not his patient.

Accordingly, Frank Livermore and Linda Cervizzi's Motion in Limine to Exclude Testimony of Joe A. Morgan, M.D. (Doc. 124) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 18, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**